```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        -v.-

TIMOTHY MUIR,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: PRELIMINARY ORDER OF
: FORFEITURE AS TO SPECIFIC
: PROPERTY/ MONEY JUDGMENT
:
: S1 16 Cr. 091 (PKC)
:
:

        WHEREAS, or about November 30, 2016, TIMOTHY MUIR (the "defendant") was charged in a fourteen-count superseding Indictment S1 16 Cr. 091 (PKC) (the "Indictment") with conspiracy to collect unlawful debts, in violation of Title 18, United States Code, Section 1962(d) (Count One); collection of unlawful debts, in violation of Title 18, United States Code, Sections 1962(c) (Counts Two through Four); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Five); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Six); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Seven); promotion money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2 (Count Eight); concealment money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Nine); and with false Truth in Lending Act disclosures, in violation of Title 15, United States Code, Section 1611 and Title 18, United States Code, Section 2 (Counts Ten through Fourteen);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of a sum of money in United States currency equal to at least $2,000,000,000.00 in

that such a sum represents (i) any interest acquired or maintained as a result of the offenses charged in Counts One, Two, Three, and Four; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, as part of the offenses charged in Counts One, Two, Three, or Four; or (iii) any property, constituting or derived from, any proceeds obtained, directly or indirectly, from the unlawful collections of debt charged in Counts One, Two, Three, and Four of the Indictment, including, but not limited to:

    a. Any and all funds in account number 741003284 in the name of Stephanie R. Tucker or Tim J. Muir at Commerce Bank and any and all funds traceable thereto;

    b. Any and all funds in account number 590957615 in the name of Tim J. Muir at Commerce Bank and any and all funds traceable thereto;

    c. Any and all funds in account number 735106896 in the name of Stephanie R. Tucker or Tim J. Muir at Commerce Bank and any and all funds traceable thereto;

((a) through (c) collectively the "Specific Property");

WHEREAS, the Indictment also included a forfeiture allegation as to Counts Five and Six, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of Counts Five and Six of the Indictment, including, but not limited to, a sum of United States currency equal to at least $2,000,000,000.00 representing the amount of proceeds traceable to the commission of said offenses and including, but not limited to, the Specific Property;

WHEREAS, the Indictment also included a forfeiture allegation as to Counts Seven through Nine, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal involved in said offenses, or any property traceable to such property, including but not limited to, a sum of United States currency equal to at least $2,000,000,000.00 representing the amount of property involved in said offenses and including, but not limited to, the Specific Property;

WHEREAS, on or about October 13, 2017, the defendant was found guilty following a jury trial of all counts of the Indictment;

WHEREAS, the total amount of any interest the defendant acquired or maintained in violation of section 1962, any interest in, security of, claim against and property or contractual right of any kind affording a source of influence over any enterprise which the defendant has established, operated, controlled, conducted or participated in the conduct of, in violation of section 1962, and any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from unlawful debt collection in violation of section 1962, in connection with the offenses charged in Counts One through Four of the indictment, is $5,214,536;

WHEREAS, the defendant obtained $5,214,536 in United States currency worth of proceeds derived from the offenses charged in Counts Five and Six of the Indictment;

WHEREAS, the defendant obtained $5,214,536 in United States currency worth of property involved in the commission of the offenses charged in Counts Seven through Nine of the Indictment;

WHEREAS, the Government asserts that the Specific Property (i) constitutes proceeds of the offenses charged in Counts One through Six of the Indictment and (ii) is property involved in the offenses charged in Counts Seven and Nine of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of their interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offenses charged in Counts One through Nine of the Indictment, to which the defendant was found guilty, a money judgment in the amount of $5,214,536 in United States currency (the "Money Judgment") shall be entered against the defendant.

2.  As a result of the offenses charged in Counts One through Nine of the Indictment, to which the defendant was found guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Property to the United States, the Specific Property shall be applied towards the satisfaction of the Money Judgment.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the

defendant, TIMOTHY MUIR, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. The United States Department of Treasury (or its designee) shall be authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number and the United States Department of Treasury shall be authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. The United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment and notice that any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioners right, title or interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Pursuant to Title 21, United States Code, Section 853(n), upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property in which all interests will be addressed

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment the Office is authorized to conduct any discovery needed to identify, locate or dispose of property

6

subject to forfeiture, including depositions, interrogatories, requests for production of documents and subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13. The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment.

14. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
February 12, 2018

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE