UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────x

UNITED STATES OF AMERICA,

                                                    16 Cr. 91 (PKC)

      -against-                                ORDER

TIMOTHY MUIR,

          Defendant.
─────────────────────────────────x
CASTEL, U.S.D.J.

        By motion filed March 15, 2019, Defendant Timothy Muir has moved for bail pending appeal. Muir was convicted by the jury on all 14 counts of the indictment. The Court imposed a sentence of principally 84 months imprisonment. Muir was permitted to self-surrender to serve his sentence.

        I have examined Muir's present application through the lens of the requirements of 18 U.S.C. § 3143(b)(1) and controlling precedents interpreting section 3143(b)(1). See, e.g. United States v. Randell, 761 F.2d 122, 124 (2d Cir. 1985).

        1.      With regard to risk of flight, it is a close question. Muir is not a citizen of the United States and will likely be deported upon completion of his sentence. Mr. Muir complied with the terms of pretrial supervision and was permitted to self-surrender to serve his sentence. But now he has been in the custody of the Bureau of Prisons for over a year and his incentive to flee may have changed because of the disameneties of prison life. Nevertheless, I

                                            Mailed to Timothy Muir 3/27/2019

conclude that he is not likely to flee and he poses no danger to the safety of any other person or the community if released.

        2.        The Court finds that the appeal is not for the purposes of delay.

        3.        But there remains the question of whether his appeal raises a substantial question of law or fact. To aid in the analysis, the Court has reviewed Muir's motion for release pending appeal, as well as his opening and reply briefs and the government's answering brief, available on the public docket of his appeal. (Docket 18-181.) Having considered those arguments in light of the record of the proceedings in the district court and the standard for bail pending appeal, e.g. <u>Randell</u>, the Court concludes that the appeal does not raise a substantial question of fact or law.

        The motion (Doc 385) is DENIED.

        SO ORDERED.

*[signature]*
P. Kevin Castel
United States District Judge

Dated: New York, New York
         March 27, 2019